JOHN HOLSTEIN, RESPONDENT, v. PAUL W. SCHMIDT, APPELLANT.—
61 S. W. (2d) 264.

Kansas City Court of Appeals, May 22, 1933.

*Ira H. Lohman* for respondent.

*Lewis H. Cook* and *Irwin & Bushman* for appellant.

SHAIN, P. J.—This is an action seeking to recover for a bill of items for material and labor in the construction of a two-story brick and stucco store and apartment building in Jefferson City, Missouri.
The evidence discloses that Paul W. Schmidt, the defendant in the suit, contracted with one, Ed. Kuehn, to construct the building above mentioned and the Kuehn's contract included the plumbing. It appears that the defendant first had a contract with one, Christ Trippensee, to construct the building and that said Trippensee sublet the plumbing contract to John Holstein, who is the plaintiff in this suit. The evidence is to the effect that Trippensee fell down upon the job and the defendant thereafter entered into the contract with Kuehn and thereafter by a new contract the plaintiff herein contracted with Kuehn for the plumbing.

The plaintiff makes claim that the items sued for in this action are for extra material and labor furnished and done at the special request of the defendant. There is evidence shown in the record that supports the plaintiff's contention. The plaintiff filed an itemized account which consisted of sixteen (16) separate charges totaling $808.40. The defendant admits owing $6 on plaintiff's second item, $4.50 on plaintiff's fourth item, $5 on plaintiff's eighth item, $5 on

plaintiff's thirteenth item and admits owing $6.55, which is the total sum of plaintiff's fifth item. These admitted items amount to a total sum of $27.05.

The defendant specifically denies owing any of the account except as admitted above and defendant contends that with exception of the above admitted amounts all of the material furnished and labor done was included in plaintiff's contract and has been paid for in full. The defendant offered evidence in support of his contentions as above stated.

The defendant filed a counterclaim in the lower court but same was withdrawn and presents no issue in this appeal. There was a trial by jury resulting in a verdict in favor of plaintiff in the sum of $650 and judgment was entered in accordance. From this judgment defendant has duly prosecuted his appeal and the cause is before us for review.

The appellant presents but one (1) assignment of error as follows: "The court erred in the trial of the cause to the prejudice of appellant in giving plaintiff's Instruction No. 1."

The appellant presents that plaintiff's Instruction No. 1 is in error, in that the instruction refers the jury to the pleadings for the issues. The instruction complained of is as follows:

"The court instructs the jury that if you believe and find from the evidence that plaintiff furnished the materials and performed the labor mentioned in plaintiff's petition or the account thereto annexed, and that they were not included in the original plans and specifications at the time Ed. Kuehn entered into a contract with Paul W. Schmidt for the construction of said building mentioned in evidence, then you will find the issues in favor of the plaintiff and against the defendant for the reasonable value of the materials furnished and the work and labor done or performed, if you find the same was furnished, done and performed."

In respect to appellant's assignment of error, the rule is so well established that citations of authority are not required. It is the court's duty to instruct the jury what issues are raised and it is error to give an instruction that refers the jury to the pleadings to enable the jury to ascertain what issues are raised by the pleadings.

The determination of the issue presented in this appeal depends on whether or not the instruction complained of does or does not violate the rule stated above.

The issue in the case at bar is as to whether or not the items sued for and included in the itemized account were for material and labor to be furnished and done by the plaintiff under a written contract or was the material and labor for extra material and labor furnished and done at the request, expressed or implied, of defendant.

This case presents a suit on account wherein the itemized account

is attached and filed with the petition. The account attached to the petition forms no part in stating the cause of action.

Where the account filed is the pleading in a case, as in justice court practice or as to a claim presented against an estate in the probate court, the general rule is that an instruction should not refer the jury to the account. However, it has frequently been held that even in those cases, wherein the account itself constitutes the statement of the cause of action, that it is not error in an instruction to refer to the claim or account where the reference is not to determine any issue in the case but merely for purpose of identifying a matter about which an issue had been raised. [Elstroth v. Karrenbrock, 285 S. W. 525, l. c. 529.]

The question as to whether reference to the pleading is so stated as to confuse or mislead the jury to the defendant's prejudice determines as to whether the reference in the instruction is or is not prejudicial error. [Baker v. Lyell, 210 Mo. App. 230.]

We conclude that the reference to the pleadings and account annexed in the instruction complained of does not serve the purpose of referring the jury to the pleadings to enable the jury to ascertain the issue, but that the reference therein serves only the purpose of identifying a matter about which an issue had been raised and does not therefore present reversible error.

The defendant in this case asked for twenty-five (25) and was given nineteen (19) instructions covering every phase of the defense. The very first instruction given on behalf of defendant contains this language: ''The court instructs the jury that the burden of proof in this case rests upon the plaintiff and before he can recover for any single item sued for in the petition he must prove . . .'' It appears in the record that in twelve (12) of defendant's instructions, that follow the first, reference is made to, ''items,'' items sued for and in instruction V is found this language: ''The court instructs the jury that it is admitted by plaintiff's pleadings filed in this case . . .'' The record fully discloses that references to items, account and pleading served only the purpose of identifying matter about which an issue had been raised.

We conclude that no reversible error is presented in the plaintiff's Instruction No. 1.

The judgment of the trial court is affirmed. All concur.